### Declaration in Support of Forfeiture Complaint

### I.   Purpose of the Declaration

This Declaration is submitted in support of a judicial complaint for forfeiture of 50.44 bitcoins seized from Tom and Amanda Callahan on December 29, 2014.

I submit that there are sufficient facts to support a reasonable belief that the 50.44 bitcoins were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960, and that those bitcoins are subject to forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

### II.   Declarant

I, Brian Bonus, have been a Special Agent with the United States Secret Service (USSS) for approximately 18 years. While working for the USSS, I have prepared and executed state and federal search and seizure warrants, seized evidence of both state and federal violations, interviewed suspects, witnesses, and informants, and evaluated evidence obtained during the course of these investigations.

### III.   Applicable Statutes

18 U.S.C. section 1960
(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.
(b) As used in this section—
    (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
        (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;
        (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or
        (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;
    (2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and
    (3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

18 U.S.C. section 981
(a)(1) The following property is subject to forfeiture to the United States:

1

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property.

* * *

## IV. Probable Cause

The information set forth below is based upon your affiant's review of records and upon information provided by other sworn law enforcement officers who participated in the investigation. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the seizure warrant for the specified bitcoins.

In October 2013, federal authorities dismantled an online underground criminal marketplace, known as Silk Road. Silk Road was a criminal marketplace operated on The Onion Router (TOR), which had a user base of approximately 960,000 users worldwide and had combined transactions in excess of one billion dollars connected with illicit products and contraband. Silk Road operated in a method similar to many online marketplaces, except that the items for sale on the Silk Road site were illegal narcotics, firearms, counterfeit identification, and illegal services. The sole currency for use on Silk Road was a crypto-currency known as Bitcoin.

As part of the federal investigation, forensic examination of the Silk Road server data revealed the identity of a multitude of users operating on the site. A user operating under the name "JumboMonkeyBiscuit" served as an illegal vendor of narcotics and as a bitcoin exchanger – exchanging fiat currency into crypto-currency and vice versa. Data recovered from the server revealed that the user opened the account on April 7, 2013, and his last known transaction was six months later, on October 1, 2013, which is the day federal authorities dismantled the Silk Road marketplace. During the period of operation, the user "JumboMonkeyBiscuit" completed 1,521 transactions. According to records from the server, most of these transactions were money service transactions from fiat currency into Bitcoins and vice versa.

A review of messages exchanged by "JumboMonkeyBiscuit" to his clients revealed that he directed them to ship cash through the United States Postal Service, attention: Trading Post – P.O. Box 730, Hurlock, Maryland 21643. According to the United States Postal Inspection Service (USPIS), P.O. Box 730 was registered to Tomas Wayne Callahan at 4604 Payne Road, Hurlock, Maryland 21643, and was closed within the same month that federal authorities shut down Silk Road.

Purchase instructions recovered during the forensic examination of the Silk Road server revealed the following message sent by "JumboMonkeyBiscuit":

> Purchase instructions:
> 1. Place our listing in your shopping cart and select the free shipping option...then click "go."
> 2. In the address field simply type "cash in mail." Be sure to add the amount you're sending.
> 3. Also, in the address field, please leave a random reference number of your choice.
> 4. Package your cash...use common sense when packaging. When handling the envelope...it should not feel like a fat stack of cash lol. Evenly distribute cash between two surfaces...whether its a magazine or folder...whatever. Please do not use boxes unless absolutely necessary.
> 5. Be sure to include the matching reference number you left in the order you submitted online. This ensures easy matching when processing your order and avoids having to include your SR username on the package.

This demonstrates that the message was posted by someone who was receiving cash by mail in connection with transactions on the Silk Road. Because Silk Road transactions are conducted in bitcoins, it appears that "JumboMonkeyBiscuit" was accepting the mailed cash and then transmitting bitcoins to the seller of whatever product was being purchased by the sender of the cash.

In October 2014, Postal Inspectors in San Francisco, California, intercepted a United States Postal Service (USPS) Priority Mail 2-Day Parcel that contained $10,000 in U.S. Currency. The intercepted parcel had tracking number: 9405 5102 0088 1358 4000 65. The parcel was addressed to: "Outdoor Living Enterprises, 702 Mangrove Ave #303, Chico, California 95926-3948" and bore a return address of: "B.B. Unlimited, 3113 Ocean Gateway Suite 2A, Cambridge, MD 21613."

According to the Postal Inspectors, 3113 Ocean Gateway, Suite 2A, is a fictitious address, and no business named B.B. Limited, or anything similar, is connected with that address. Other open source searches were conducted on this business name and address by law enforcement agents with negative results.

Additionally, agents searched for the recipient address, 702 Mangrove Ave #303, Chico,

3

CA 95926-3948, and no business by the name of "Outdoor Living Enterprises" was associated to that address. However, the 702 Mangrove Avenue address is a Commercial Mail Receiving Agency (CMRA); specifically, it is a UPS store which rents post office boxes for a fee. However, no business named Outdoor Living Enterprises was associated with that address in October 2014.

Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use CMRAs, fictitious names, fictitious business names, fictitious addresses, previous addresses, abbreviations in names, or incorrect or incomplete addresses in an effort to remain anonymous.

Law enforcement agents in California advised that the UPS store box #303 at 702 Mangrove Ave, Chico, CA 95926 is connected with an investigation into the shipment of narcotics, to include marijuana, through the US Mail.

When the intercepted parcel was opened, inspectors found $10,000 in cash inside a vacuum-sealed bag. Inside this parcel, inspectors also found a packing slip relating to another parcel. The tracking history connected with the enclosed packing slip indicated that the related package had been sent from an Endicia.com account.

Endicia.com is an online private company website that offers to provide package mailing services to customers and businesses that frequently use the United States Postal Service (USPS). Individuals can register an account with endicia.com through the customer's personal computer. Endicia.com is not affiliated with USPS; however, it is a licensed vendor that USPS recognizes to distribute paid mailing labels for customer use. These labels can be generated from a home computer, and the mailings can be sent directly from the customer's home or business.

Inspectors examined the Endicia.com account information for the tracking number that was on the packing slip in the intercepted parcel. The registered customer of that account is Thomas Callahan, who provided Endicia with a physical address of: "3113 OCEAN GTWY, CAMBRIDGE, MD 21613-3470," and a mailing address of "4604 PAYNE RD, HURLOCK, MD 21643-3750". Records indicate that approximately 130 postage and tracking numbers were issued, to include the intercepted Priority Mail parcel.

On November 5, 2014, federal authorities and the Maryland State Police executed a

search warrant at 4604 Payne Road, Hurlock, Maryland, and Amanda Callahan, who was present in the residence, agreed to speak with federal agents. She explained that she and Tom Callahan act as a money exchanger to the public on various internet sites, including several underground marketplaces such as Silk Road. She stated that they commonly send and receive bulk cash via the U.S. Postal Service for the purchase and sale of Bitcoins. Ms. Callahan showed investigators a personal computer where she said that she had Bitcoins stored at several Bitcoin addresses. One of those bitcoin wallets was named "Outdoor Living Enterprises," which was the addressee on the package that was intercepted in San Francisco. Therefore, I submit that there is reason to believe that the Callahans exchanged some bitcoins for U.S. Currency and then sent the $10,000 in cash to the seller in California. During the execution of the search warrant, Amanda Callahan voluntarily transferred the contents of the Bitcoin addresses from her computer to the agents.

On December 29, 2014, a U.S. Magistrate Judge of the District of Maryland issued a seizure warrant for the bitcoins held by the Callahans at those same Bitcoin addresses. Agents executed the warrant the same day and seized 50.44 bitcoins.

Money transmitting businesses are required by 31 U.S.C. Section 5330 to register as such with FinCEN. According to FinCEN, a money exchange business that operates in bitcoins, like the one operated by the Callahans, is also a money services business within the meaning of section 5330. According to FinCEN records on November 5, 2014, neither Amanda nor Thomas Callahan is registered as a Money Service Business (MSB). As outlined in 31 U.S.C. Section 5330, a business remains subject to state law, and a subsequent check on the same date revealed that neither Amanda or Thomas Callahan are registered with the State of Maryland, Department of Labor, Licensing and Regulation as a money transmitter as required by law.

As is quoted above, it is a violation of 18 U.S.C. section 1960 for anyone to operate as an unlicensed money transmitting business. As is also quoted above, any property involved in transactions in violation of 1960 are subject to forfeiture.

V. **Conclusion**

Based on the foregoing, I submit that there are sufficient facts to support a reasonable belief that the 50.44 bitcoins seized from Tom and Amanda Callahan on December 29, 2014, were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960, and that the 50.44 bitcoins seized from Tom and Amanda Callahan on December 29, 2014, are

subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

I declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing is true and correct to the best of my knowledge and belief.

_____        11/23/15
Brian Bonus, Special Agent             Date
United States Secret Service