IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-15-3692 |
| 50.44 BITCOINS, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

On December 2, 2015, the United States filed its Verified Complaint for Forfeiture against Defendant 50.44 Bitcoins. (ECF No. 1.) The Clerk's Entry of Default was filed on March 9, 2016. (ECF No. 6.) On March 10, 2016, the United States filed a Motion for Default Judgment ("Motion") (ECF No. 8). No response to the Motion has been filed and the time for doing so has passed. *See* Loc. R. 105.2. On March 10, 2016, Judge Hollander referred the Motion to me for a report and recommendation. (ECF No. 9.) Having reviewed the pleadings, memoranda, and supporting documents, I find that no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, I recommend that the Motion be granted.

I.      **LEGAL STANDARD**

A.      **Default Judgment**

Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). In determining whether to award a default judgment under Fed. R. Civ. P. 55, the Court accepts as true the well-pleaded

factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790).

In order to constitute a legitimate cause of action, a civil forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. G(2)(f). In a civil forfeiture trial, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). If it is the Government's theory that the property was involved in the commission of a criminal offense, the Government must establish that there was a "substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

**B.     Property Subject to Forfeiture**

Under 18 U.S.C. § 981, "any property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. § 1960], or any property traceable to such property" is "subject to forfeiture to the United States." 18 U.S.C. § 981(a)(1)(A). Under 18 U.S.C. § 1960, it is a crime for a person to knowingly conduct, control, manage, supervise, direct, or own an unlicensed money transmitting business. An "unlicensed money transmitting business" is, among other things, a business that "fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulation prescribed under such section." 18 U.S.C. § 1960(b)(1)(B). The Department of

Treasury's Financial Crimes Enforcement Network ("FinCEN") has stated that an administrator or exchanger of a virtual currency like Bitcoin[1] is required to register as a Money Service Business ("MSB") with FinCEN. *See Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies,* FIN-2013-G001, Department of the Treasury, Financial Crimes Enforcement Network, March 18, 2013.[2] Accordingly, a money transmitting business that operates in Bitcoins must register with FinCEN. Failure to register is a violation of 18 U.S.C. § 1960. Property involved in transactions that violate § 1960 is subject to forfeiture. 18 U.S.C. § 981(a)(1)(A).

## II.     ANALYSIS

### A.      Factual Background

In support of its Verified Complaint for Forfeiture, the United States has attached the Declaration of Brian Bonus ("Bonus"), a Special Agent with the United States Secret Service. (ECF No. 1-1.) According to Bonus, the Silk Road was an online criminal marketplace operated on The Onion Router.[3] After the Silk Road was dismantled by federal law enforcement authorities in October 2013, authorities conducted an investigation to determine the identities of the users of the site. Authorities discovered that a user operating under the username

---

[1] "Bitcoin is an electronic form of currency unbacked by any real asset and without specie, such as coin or precious metal." *Sec. & Exch. Comm'n v. Shavers*, No. 4:13-CV-416, 2013 WL 4028182, at *1 (E.D. Tex. Aug. 6, 2013). "Bitcoin can be easily purchased in exchange for ordinary currency, acts as a denominator of value, and is used to conduct financial transactions." *United States v. Faiella*, 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014).

[2] This document is available online at https://www.fincen.gov/statutes_regs/guidance/pdf/FIN-2013-G001.pdf (last visited May 23, 2016).

[3] The Onion Router is software developed by the "Tor Project." The Tor Project is "a collaboration of Internet users seeking to enable online anonymity." *F.T.C. v. Asia Pac. Telecom, Inc.*, 788 F. Supp. 2d 779, 786 (N.D. Ill. 2011). "In a nutshell, the Tor Project functions by rerouting a user's online activity through an international network of servers, . . . making it very difficult to trace the user's true identity." *Id.*

"JumboMonkeyBiscuit" ("the user") "served as an illegal vendor of narcotics and as a Bitcoin exchanger—exchanging fiat currency into crypto-currency and vice versa." (ECF No. 1-1 at 2.) Between April 2013 and October 2013, the user completed 1,521 transactions, most of which were transactions to convert fiat currency into Bitcoins and vice versa. (*Id.*) Investigators determined that the clients of the user were directed to ship cash to a post office box registered to Thomas Callahan. (*Id.*) Bonus states that the user accepted the mailed cash and transmitted Bitcoins as directed by the sender of the cash. (*Id.* at 3.) In October 2014, United States Postal Inspectors intercepted a parcel containing $10,000 in U.S. Currency. (*Id.*) The parcel was addressed to a fictitious business at an address connected with an investigation into the shipment of narcotics through the U.S. mail. The Postal Inspectors determined from a review of the packing slip contained in the parcel that the package had been sent by an online package mailing service account registered with Endicia.com. The registered customer of the Endicia.com account was Thomas Callahan, whose account was connected to a physical address closely resembling the return address on the parcel. (*Id.* at 4.) The registered customer of the Endicia.com account had previously been issued approximately 130 postage and tracking numbers. (*Id.*)

In November 2014, members of federal law enforcement executed a search warrant at 4604 Payne Road, Hurlock, Maryland, which was another address connected to the Endicia.com account registered to Thomas Callahan. (*Id.* at 5.) During the search, Amanda Callahan was present at the residence and agreed to speak to investigators. She stated that she and Thomas Callahan (the "Callahans") act as money exchangers on various internet sites, including online marketplaces like the Silk Road. She showed investigators a personal computer that contained Bitcoins stored at several Bitcoin addresses, including a wallet with a name that matched the

addressee of the intercepted parcel.[4] Amanda Callahan voluntarily transferred the contents of the Bitcoin addresses from her computer to the agents. Thereafter, the agents executed a seizure warrant for the 50.44 Bitcoins[5] held by the Callahans at the Bitcoin addressed that were voluntarily transferred to the agents.

**B.      The Property is Subject to Forfeiture Under 18 U.S.C. § 981**

Bonus states that according to FinCEN records from November 2014, neither Thomas nor Amanda Callahan had registered as an MSB, which is required by 31 U.S.C. § 5330. In addition, neither Thomas nor Amanda Callahan had registered with the State of Maryland, Department of Labor, Licensing and Regulation as a money transmitter, which is required by Maryland state law. *See* Md. Code Ann., Fin. Inst. § 12-405.

Because the business operated by the Callahans under the Silk Road username "JumboMonkeyBiscuit" was not registered to transmit money as required by state and federal law, the Callahans violated 18 U.S.C. § 1960. Accepting the allegations of the Complaint and the Bonus Declaration as true, I conclude that the United States has established by a preponderance of the evidence that the 50.44 Bitcoins seized from the Callahans constitute property involved in a transaction that violated 18 U.S.C. § 1960. Because the United States has established a substantial connection between the property to be forfeited and a criminal offense, the 50.44 Bitcoins are subject to forfeiture under 18 U.S.C. §§ 981 and 983.

---

[4] "Bitcoins are held at, and sent to and from, bitcoin 'addresses.' A bitcoin 'wallet' is a software file that holds bitcoin addresses. Along with each bitcoin address, a bitcoin wallet stores the 'private key' for the address, essentially a password used by the holder to access the bitcoins held at the address, as well as the transaction history associated with the address." *Shavers*, 2014 WL 4652121, at *1.

[5] As of the date of this Report and Recommendation, 50.44 Bitcoins are worth approximately $27,000.00. Bitcoin Calculator, CoinDesk, http://www.coindesk.com/calculator/ (last visited May 31, 2016).

### C.      The United States Complied with Supplemental Rule G.

Rule G of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, governs a forfeiture action *in rem* arising from a federal statute. In order for the Government to forfeit property, it must satisfy the requirements of Rule G. This rule contains requirements for the contents of the complaint, how the property may be seized, and how notice is to be provided to potential claimants. In this case, the United States has complied with Rule G's procedural requirements. The Verified Complaint satisfies Rule G(2)'s requirements because it (a) is verified (*see* ECF No. 1 at 3); (b) states the jurisdictional grounds; (c) identifies the property that was seized; (d) states the date and location that the property was seized; (e) identifies that the forfeiture action is brought pursuant to 18 U.S.C. § 981(a)(1)(A); and (f) through Bonus's declaration, states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *See* Fed. R. Civ. P. Supp. G(2). Because the Bitcoins seized do not constitute real property, the United States appropriately sought and executed a seizure warrant (*see* ECF No. 2). *See* Fed. R. Civ. P. Supp. G(3)(b).

The United States has also complied with Rule G's notice requirements. *See* Fed. R. Civ. P. Supp. G(4). the United States posted a notice on www.forfeiture.gov, an official government forfeiture website, for at least 30 consecutive days, beginning on January 7, 2016. (*See* ECF No. 5-3.) The notice complied with Rule G because it described the 50.44 Bitcoins seized with reasonable particularity, and stated how a person claiming a legal interest in the Bitcoins must file a claim and answer, the time period for doing so, and to whom the claim and answer must be sent. *See* Fed. R. Civ. P. Supp. G(4)(a)(ii). Copies of the Verified Complaint and notice were also mailed directly to the Callahans. (*See* ECF Nos. 5-1 & 5-2.) No party has filed a claim to the

property. Because the United States has complied with the procedural requirements of Rule G and has met the substantive requirements of 18 U.S.C. § 981, I find that the 50.44 Bitcoins seized from the Callahans are subject to forfeiture.

### D.     Certification of Reasonable Cause

The United States also requests that the Court certify that there was reasonable cause for the seizure of the 50.44 Bitcoins. *See* 28 U.S.C. § 2465(a)(2). Here, although it is not clear that a certification of reasonable cause is required,[6] based on the facts described above it does appear that there was reasonable cause for the seizure of the 50.44 Bitcoins. Accordingly, I recommend that the Court certify that there was reasonable cause for the seizure of the bitcoins. *See* 28 U.S.C. § 2465(a)(2)

## III.   CONCLUSION

In sum, I recommend the following:

1.      The Court grant the United States' Motion for Default Judgment and Order of Forfeiture;

2.      The Court authorize the Attorney General of the United States to seize the 50.44 Bitcoins, and take custody and control of the property until it may be disposed of in accordance with law; and

3.      The Court certify that there was reasonable cause for the seizure of the 50.44 Bitcoins.

---

[6] 28 U.S.C. § 2465(a) applies when a claimant prevails against the Government in a forfeiture action. Under § 2465(a), if judgment is entered for a claimant in a forfeiture action, the seized property is to be returned to the claimant and, "if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered." The effect of this certificate of reasonable cause is to clarify that "neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution."

I also direct the Clerk to mail a copy of this Report and Recommendation to Thomas W. Callahan, P.O. Box 3298, Easton, Maryland 21601 and Amanda L. Callahan, 4604 Payne Road, Hurlock, Maryland 21643.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


May 31, 2016                              _____/s/_____
Date                                                Timothy J. Sullivan
                                                    United States Magistrate Judge